ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA VALLIERE (DCBN 439353)
Chief, Criminal Division

SAILAJA M. PAIDIPATY (NYBN 5160007)
SHAILIKA S. KOTIYA (CABN 308758)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6821
    FAX: (415) 436-7234
    sailaja.paidipaty@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> TUAN DUC LAM, <br>     Defendant. | Cr. No. 16-532 EMC <br><br> **JOINT STIPULATIONS AND WAIVERS FOR BENCH TRIAL** <br><br> Date: January 17, 2018 <br> Time: 2:30 p.m. |

The parties submit the following stipulations and waivers in anticipation of a bench trial before this Court on January 17, 2018. The parties agree that the Court can rely on the stipulations below to decide whether Tuan Duc Lam is guilty or not guilty of the charges, and they submit the matter for decision by the Court on that basis.

## I. WAIVER OF RIGHTS

1. Pursuant to Federal Rule of Criminal Procedure 23, Mr. Lam waives his right to a jury trial and the government consents to have the Court conduct the trial in this case.

2. Mr. Lam waives his right to testify, to cross-examine witnesses called by the government, and to call witnesses on his own behalf, and he submits this matter for decision by the Court on the basis of the stipulations below.

## II. STIPULATIONS OF TESTIMONY AND EXHIBITS ON COUNTS ONE AND TWO[1]

1. If called to testify at trial, Sonoma County Sheriff's Office Deputy Kevin McGoon would testify as follows:

   a. On August 7, 2016, he responded to a call to Julianna's Fine Jewelry, a jewelry store in Corte Madera, California. Corte Madera is located in the Northern District of California.

   b. Upon arrival at the store, Deputy McGoon learned that the prior day, August 6, 2016, an individual, later identified as defendant Tuan Duc Lam, purchased a Rolex watch for $14,170.00. Mr. Lam paid for the watch with a Chase Mileage Plus Visa Explorer Credit Card, bearing the name H.L., and ending in the digits 0135 (the "Chase credit card"). He also presented a California driver's license reflecting the name H.L. Per its policy, the store made a photocopy of the driver's license and credit card used to make the purchase.

   c. Deputy McGoon reviewed the store's photocopy of the California driver's license and radioed the license number to the Marin County Sheriff's Office. The

---

[1] The parties agree to a bench trial and stipulate to the testimony and exhibits described below. The parties enter into these stipulations with the understanding that Mr. Lam is not rendering moot and is preserving his right to appeal the denial of his motion to suppress on August 2, 2017 (Dkt. 29), and not waiving his objection to the introduction of the evidence that he argued should be suppressed. See *United States v. Larson*, 302 F.3d 1016, 1020 (9th Cir. 2002).

Sheriff's Office reported that a valid California driver's license had been issued to an H.L. with a residence in Atherton, California. The address and driver's license number reflected on the license used by Mr. Lam to purchase the watch on August 6, 2016, matched the address and license number on the valid license issued to H.L. The month and date of birth reflected on the license presented to Julianna's Fine Jewelry matched the month and date of birth of the H.L. on file with the California Department of Motor Vehicles. The birth year for the real H.L., however, was approximately 30 years prior to the birth year reflected on the license used by Mr. Lam to purchase the Rolex watch.

    d. Deputy McGoon reviewed a copy of the receipt for the Rolex purchased on August 6, 2016. He noted that the name H.L. was signed on the receipt.

    e. Mr. Lam returned to Julianna's Fine Jewelry on August 7, 2016. The store manager confirmed to Deputy McGoon that Mr. Lam was the same individual who had purchased the Rolex for $14,170.00 the prior day using the Chase credit card and driver's license bearing the name H.L.

    f. On August 7, 2017, Deputy McGoon found the Chase credit card and California driver's license reflecting the name H.L. in Mr. Lam's wallet. The license in the name of H.L. reflected Mr. Lam's picture.

    g. When questioned by Deputy McGoon, Mr. Lam admitted that he was not H.L. He admitted to knowingly using H.L's identity and Chase credit card to purchase the Rolex watch on August 6, 2016, which he then later re-sold.

2. If called to testify at trial, H.L., a resident of Atherton, California, would testify as follows:

    a. In August 2016, H.L. was an authorized user of the Chase credit card.

    b. H.L. did not authorize Mr. Lam to use this credit card account.

    c. H.L. did not request or receive a replacement credit card for this account prior to August 6, 2016.

//

3. If called to testify at trial, K.L., the wife of H.L., would testify as follows:
   a. In August 2016, K.L. was an authorized user of the Chase credit card.
   b. K.L. did not authorize Mr. Lam to use this credit card account.
   c. K.L. did not request or receive a replacement credit card for this account prior to August 6, 2016.
4. If called to testify at trial, Postal Inspector Jennifer Rounds of the U.S. Postal Inspection Service (USPIS), would testify as follows:
   a. A USPIS investigation revealed that Mr. Lam and at least one of his associates have been involved in stealing the identities and personal financial information of several individuals of Asian descent in the Bay Area.
   b. On July 24, 2016, Mr. Lam's associate "spoofed" the cell phone number of K.L. and called Chase to order a replacement credit card for the account ending in 0135. Spoofing refers to a technique where an electronic application is used to imitate the phone number of another individual. Chase mailed the replacement card on July 28, 2016, and the card was activated on August 6, 2016.
   c. Following his arrest, law enforcement seized several items from Mr. Lam's home showing his involvement in identity theft. Specifically, authorities seized:
      i. Seven credit cards all reflecting names other than Mr. Lam's. Two of these credit cards were in the name of A.T. The real A.T. confirmed to USPIS that he was the authorized owner of the credit card accounts. A.T. still possessed the original credit cards for these accounts and did not order or receive replacement cards. A.T. also stated that he does not know Mr. Lam and did not authorize Mr. Lam to use these credit card accounts;
      ii. An empty envelope on which three Bay Area addresses were handwritten. USPIS has confirmed that fraudulent charges were made on credit cards belonging to the residents of each of these three Bay Area addresses;
      iii. An envelope containing a letter inside indicating that it included a Bank of America replacement card for an account ending in the numbers 0007

(upon continued investigation, Inspector Rounds confirmed that fraudulent purchases had been made on this credit card account);

        iv. A California driver's license in the name of R.L. bearing Mr. Lam's photograph and two credit cards in the name of R.L. The address and month and day of birth reflected on the license found in Mr. Lam's home match the information for the real R.L. on file with the DMV. The real R.L., however, was born ten years prior to the birth year reflected on the license located in Mr. Lam's home. Upon continued investigation, Inspector Rounds confirmed that fraudulent purchases had been made on the two credit card accounts.

5. If called to testify at trial, a representative of Chase Bank USA, N.A. would testify as follows:

    a. Chase Bank USA, N.A. is a private corporation headquartered in Wilmington, Delaware.

    b. Chase Bank USA, N.A. suffered a loss of $14,174.50 due to fraudulent credit card charges with respect to the Chase credit card account ending in 0135.

6. The parties stipulate the following exhibits are deemed admitted into evidence for the purposes of this bench trial, and that they are as described below:

    a. Exhibit 1: Photocopies taken by employees of Julianna's Fine Jewelry on August 6, 2016, of the Chase Credit Card, driver's license in the name of H.L. presented by Mr. Lam, and the receipt for the purchase of the Rolex watch for $14,170.00 (TDL 00041-42);

    b. Exhibit 2: Letter from Chase Card Services Fraud Investigations dated November 17, 2016 (TDL 00109).

//
//
//
//

7. Neither party is aware of any witness who will testify in a manner contrary to the facts described above.

IT IS SO STIPULATED.

Dated: January 17, 2018

ALEX G. TSE
Acting United States Attorney

SAILAJA M. PAIDIPATY
Assistant United States Attorney

Dated: January 17, 2018

TUAN DUC LAM
Defendant

Dated: January 17, 2018

JODI LINKER
Counsel for Tuan Duc Lam

Exhibit 1



Pg 2 of 4
Case # 2016-2-3501-2351





purchased
8-6-16
RX 2499

Exhibit 2



Chase Card Services
Fraud Investigations
150 W. University Dr.
Tempe, AZ 85281

November 17, 2016

**VIA EMAIL**
Jen Rounds
U.S. Postal Inspection Service
jbrounds@uspis.gov

Re: Account ███████████0135

Dear Inspector Rounds,

This case has been referred to me for follow-up. The account number(s) listed above is/are confirmed fraudulent. The account number(s) is/are owned and issued by Chase Card Services, the credit card issuing subsidiary of Chase Bank USA, N.A. The information presented in this report is based on the research, review, and interpretation of records; documents prepared contemporaneously, maintained, and depended upon in the ordinary course of business by Chase Card Services.

Chase Bank USA, N.A at present should be considered a financial victim regarding the use of the account(s) and will assist in any prosecution of the suspect(s). At this time, we have identified our total losses on the account(s) as **$14,174.50**. This figure could change as additional transactions not yet identified as fraudulent post to the account(s).

In the event, the suspect(s) is/are prosecuted and determined to be guilty; Chase Bank USA, N.A requests that restitution be part of any final disposition. All disbursements of restitution should be in the form of a certified check or money order only. Please include the above reference account number on the certified check or money order payable to:

Chase Bank USA N.A
Attn: Chase Remittance Processing
PO Box 17055
Wilmington DE 19886-7055

Sincerely,

Heather Harrington
Regional Investigator
Phone 480-902-6764
Fax: 480-902-7367

ACCOUNT IS OWNED BY CHASE BANK USA, N.A. AND MAY BE SERVICED BY ITS AFFILIATES.
CALLS MAY BE MONITORED AND/OR RECORDED TO ENSURE THE HIGHEST LEVEL OF QUALITY ASSURANCE.